FIREMEN'S UNDERWRITERS DEPARTMENT OF FIREMEN'S INSURANCE COMPANY, Respondent, vs. NIEMAN and another, Appellants.

*January 7—February 3, 1953.*

For the appellants there was a brief by *Kenney, Korf & Pfeil* of Elkhorn, and oral argument by *Frank J. Korf*.

For the respondent there was a brief and oral argument by *C. A. Tennessen* of Kenosha.

FAIRCHILD, J. The learned trial judge was convinced that the failure on Mrs. Nieman's part to exercise ordinary care when she turned left to enter the private driveway was

established, and that as a matter of law negligence existed on her part. The law governing the rules of the road places upon one intending to enter a private driveway or otherwise turn a vehicle from a direct course "or move right or left upon a roadway" the duty of making the movement only upon reasonable surety that such turn may be made safely. Sec. 85.175, Stats.

The finding is that Mrs. Nieman did not give any signal of her intention to turn; so that point is not questioned here. And the question of negligence on the part of Dr. Rice with respect to giving an audible warning and with respect to management and control of his automobile at the time and place is such that no question as to his negligence is presented on this appeal, except as it is related to a comparison of negligence on the parts of Mrs. Nieman and Dr. Rice. This leaves for determination whether there is testimony in the record which permits or supports the finding that Mrs. Nieman was not negligent with respect to turning left to enter the private driveway in question without first ascertaining that such movement could be made with safety to the following automobile. We are of the opinion that the trial court was correct in his conclusion in reference to that matter. He said, "The defendant testified that she concluded that she had ample time in which to make the left turn." But it appears that she did not make a sufficient observation on which to base a conclusion as to the speed of the Rice car, and she formed no conclusion as to the distance that that automobile was behind her when she made her last observation, which was when she was in the neighborhood of 100 feet east of the driveway, and she made no further observation while she traveled at a slow rate of speed for that distance before she commenced the turn. And it is considered that the trial court reached the correct conclusion when he said that "there was no basis for a conclusion that before commencing this turn she first ascertained that such movement could be made with

safety to the Rice automobile." The highway on which this accident occurred runs in an easterly and westerly direction and is straight and level. The accident occurred on the blacktop, and the truck was driven but a short distance from the time it commenced its turn to the time of the collision of the truck and the car. The order of the trial court, with which we agree, is that the motion of the plaintiff for a new trial is granted in order that the jury may, if it finds that the negligence of Mrs. Nieman in the respect set out was an efficient cause of the collision, make a new comparison of the negligence of the respective parties.

*By the Court.*—Order affirmed.